**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 03-CR-61

ALONZO MONDAY,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)"**

On February 25, 2008, Defendant Alonzo Monday filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on the passage of an amendment to the federal Sentencing Guidelines, recently given retroactive effect, that lowered the range applicable to cocaine base offenses. The court will, for the reasons stated below, deny Defendant's motion.

**I. BACKGROUND**

Defendant was sentenced on October 20, 2003 for his convictions of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and possession with intent to distribute an unspecified quantity of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). He plead guilty to these counts, and the government dismissed a third court of possession with intent to distribute more than five grams of crack cocaine. *United States v. Monday*, 218 F. App'x 419, 420 (6th Cir. 2007). The government contends that the quantity of cocaine involved (about twenty grams) "ultimately drove Defendant's guideline term." (Govt.'s Resp. at ¶ 1.) He appealed his 100-month sentence, which

the Sixth Circuit remanded in light *United States v. Booker*, 543 U.S. 220 (2005).  On remand, the court imposed the same sentence, which was at the low end of the Sentencing Guidelines range.

On November 1, 2007, the Sentencing Commission lowered the offense levels assigned to cocaine base crimes in an effort to correct the disparity between sentences for cocaine base offenses and other drug offenses.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") app. C amend. 706 (2007).   On March 3, 2008, these amendments became retroactive.  U.S.S.G. app. C amend. 716 (Supp. May 1, 2008).  Defendant subsequently filed this motion to reduce his sentence.  The parties agree that Defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and that the court has the discretion to grant this reduction.  They further appear to agree that the new sentencing range is 84 to 105 months.

## II.  STANDARD

A district court may reduce a defendant's sentence if modification is authorized by statute.  *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001).  18 U.S.C. § 3582(c)(2) allows a court to "reduce the term of imprisonment" "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission has issued a policy statement regarding sentence reductions pursuant to § 3582(c)(2), which (1) outlines those situations in which a prisoner is eligible for a reduction under the statute, (2) lists the factors a court must take into account when considering a defendant's sentence reduction and (3) puts

2

limitations on the extent to which a court may reduce a sentence. *See* U.S.S.G. § 1B1.10.

First, § 3582(c)(2) can apply only to those amendments listed in its subsection (c), U.S.S.G. § 1B1.10(a)(1), which as of March 3, 2008 includes the amendment modifying the guideline range for cocaine base offenses.[1] *See* U.S.S.G. § 1B1.10(c) ("Covered Amendments. . . . 706 as amended by 711 . . . ."). § 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect. U.S.S.G. § 1B1.10(a)(2)(B).

Second, when deciding whether and to what extent to reduce a defendant's sentence under § 3582(c)(2), the court must consider those factors listed in the policy statement. A prisoner is not guaranteed a sentence reduction pursuant to § 3582(c)(2) as a matter of right; rather, the court has the discretion to deny a § 3582(c)(2) motion. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *see also* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment . . . ." (emphasis added)). When exercising this discretion, the court must first take into account "the amended guideline rage that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). When deciding the amended guideline range, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all

---

[1]The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply. *See* U.S.S.G. § 1B1.10(c).

3

other guideline application decisions unaffected." *Id.* Additionally, the court must take into consideration the factors set forth in 18 U.S.C. § 3553(a),[2] U.S.S.G. § 1B1.10 cmt. n.1; 18 U.S.C. § 3582(c)(2), and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1. Finally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id.*

Third, if the court decides to grant a § 3582(c)(2) motion, there are some limitations on the extent to which a defendant's sentence may be reduced. The court cannot reduce a sentence to below the minimum of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A), unless "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of the sentencing." U.S.S.G. § 1B1.10(b)(2)(B). If this is the case, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* However, "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.* Further, the reduced sentence can never be lower than time already served by the defendant. U.S.S.G. § 1B1.10(b)(2)(C).

---

[2] These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the purposes of penal punishment, including retributivism, deterrence, incapacitation, and rehabilitation, (3) the kinds of sentences available, (4) the applicable sentencing range under the guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

## III.  DISCUSSION

The court agrees with the stipulation that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as construed in the Sentencing Commission's policy statement, due to Amendment 706 to the Guidelines.  Amendment 706 is listed in subsection (c) of the policy statement, U.S.S.G. § 1B1.10(a)(1), (c), and it both applies to and would have a lowering effect on Defendant's sentencing range. U.S.S.G. § 1B1.10(a)(2).  Thus, the court must determine, in light of Defendant's amended guideline range, whether the factors listed in 18 U.S.C. § 3553(a), public safety considerations and Defendant's post-sentencing conduct recommend a sentence reduction.

Despite Defendant's eligibility for a sentence reduction, the court finds that a reduction in his term of imprisonment is not warranted.   Defendant's post-sentencing conduct has been poor and his behavior before and after incarceration demonstrates public safety concerns.

The probation officer's sentencing modification report indicates that Defendant's post-sentencing conduct has been problematic.  The court has reviewed an incident report indicating that on March 12, 2006 Defendant assaulted a corrections officer. During a pat-down search, Defendant struck the officer with his closed right fist, knocking the officer away.  Defendant then fled down a hallway and out a door into a grassy area.  He was apprehended and officers discovered that Defendant had a cellular telephone, which violated the rules of the federal correctional system. Moreover, the report concludes, and the court agrees, that an inmate's possession of such a communication device while in federal custody "presents a serious hazard to the

security of the institution." (3/15/06 Incident Report.)  The court thus rejects Defendant's attempt to minimize his prison record as "only one occasion" of discipline involving possession of a cellular telephone and "a minor assault." (Def.'s 4/29/08 Resp. at 2.)

Overall, Defendant's record indicates that he has yet to grasp the "seriousness of [his] offense" or cultivate a "respect for the law." 18 U.S.C. § 3553(a)(2)(A). It is apparent that even in a controlled environment Defendant has a demonstrated inability to follow simple rules and has posed a threat to those around him. A like pattern appears in Defendant's history of similar convictions and violations of bond or probation. There is a risk of recidivism, which tends to call for a longer sentence, not a shorter one.

The public safety concern is manifest and the court concludes that a lower sentence at the lower end of the new Guidelines range is not appropriate under these circumstances. The public should be protected from Defendant's violent and anti-social behavior. Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the court will deny Defendant's motion for a reduction in sentence.

### IV.  CONCLUSION

IT IS ORDERED that the Defendant's "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Dkt. # 68] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2008

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2008, by electronic and/or ordinary mail.

               s/Lisa Wagner
              Case Manager and Deputy Clerk
              (313) 234-5522